JAMES C. POTEPAN [SBN 107370]
jpotepan@ropers.com
COURTNEY E. CURTIS [SBN 245231]
ccurtis@ropers.com
RICHARD M. DINETS [SBN 265197]
rdinets@rmkb.com
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, California 90071
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for the Defendants
HIP HOP WHOLESALE, ICED OUT GEAR
AND WORLDWIDE DYNASTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| OLANDER ENTERPRISES, INC., a California Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SPENCER GIFTS, LLC, a Delaware limited liability company, SPENCER GIFTS HOLDING, INC., a Delaware corporation, SPENCER GIFT ONLINE, LLC, a Delaware limited liability company, TRI-COASTAL DESIGN GROUP, INC., a New Jersey corporation, SILVER MOON CREATIONS, INC., a Florida corporation, HIP HOP WHOLESALE, entity form unknown, ICED OUT GEAR, entity form unknown, WORLDWIDE DYNASTY, INC., a California corporation, and DOES 1 through 10,<br><br>    Defendants. | CASE NO. SACV09-1372 CJC (ANx)<br><br>*Assigned Judge:*   Hon. Cormac J. Carney<br><br>**ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS** |

///

///

## ORDER

The Court, having read and considered the Stipulation for Entry of an Order Governing the Designation and Handling of Confidential Materials (hereinafter "Order") filed by the parties, and good cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. This Order shall govern all documents and other materials produced, during the course of discovery or pre-trial procedures, by any party to this action.

2. A party to this action who produces or provides documents, things, testimony, or other information, which he, she, or it reasonably believes to comprise or contain Confidential Information, and which he, she, or it desires to be subject to this Order, shall designate such information or materials as either "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Confidential Information is information which has not been made public, including trade secrets or other confidential research, development, or commercial information, material required to be kept confidential by state or federal law, or highly sensitive personal information such as medical records. ATTORNEYS' EYES ONLY Information is extremely sensitive Confidential Information, the disclosure of which to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Such extremely sensitive information may include, but is not limited to, current and recent financial information, future marketing and development plans, prescribed operations standards and policies and any party's forms or manuals bearing a printed legend indicating that they are confidential or for the exclusive use of any party's employees, independent contractors, franchisees and/or licensees and not to be disclosed to third parties.

3. Documents and things comprising or containing Confidential Information shall be designated by prominently stamping or marking the documents or things with the term "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS'

EYES ONLY." If a confidential document consists of multiple pages, each page of the document shall be so stamped or marked. Attorneys for the parties, as officers of the Court, shall designate documents and other material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" when they have a good faith belief that the document and other material is entitled to the protections of this Order.

4. With respect to deposition testimony, a party shall state, on the record, all testimony that he or she intends to designate as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Counsel may, alternatively, at the commencement of a deposition, temporarily designate the entire deposition as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," but where such an initial designation is made, unless the designating party, within ten days after receipt of the transcript, marks as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" those portions of the transcript that he or she then deems "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," thus superseding his initial designation of the entire deposition as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," then no portion of the deposition shall continue to be deemed "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

5. Such confidential information shall be used solely for the purpose of the prosecution or defense of this litigation, and any and all appeals, and shall not be disclosed in any manner to any person except as provided in this Order.

**6.** If, at any time during the Litigation, any party believes that any other party or non-party has unreasonably designated certain material or testimony as **"CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY"**, or believes that it is necessary to disclose designated material or testimony to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to the further disclosure, the objecting party may make an

appropriate application to this Court upon notice to all parties and to any non-party who designated the material or testimony requesting that the specifically identified designated material or testimony be released from restriction under this Order or be available to specified other persons. The objecting party shall not file any motion challenging designations with the Court until the objecting party's counsel has conferred in good faith with counsel for the producing party, by telephone or in person, or has made reasonable attempts to do so.  Said motion shall not be filed with the Court unless, after a good faith effort to resolve their dispute, counsel are unable to reach an accord.

      **7.**      Documents produced or testimony given under this Order shall be retained in the office of counsel until required by the Court to be filed in the case, in which event the provisions of paragraphs 8 and 9 shall apply.  Counsel for the parties shall be responsible for assuring that access to "CONFIDENTIAL" information shall be permitted only to (a) counsel of record and their employees assisting counsel in this litigation as well as in-house counsel of the parties; (b) no more than one officer or employee of each of the parties who is assisting that party in this litigation; (c) outside consultants or experts who are retained to assist the parties in the litigation; (d) the Court, in camera, and to its court reporters; (e) deposition court reporters and their staff; (f) the actual deposition witnesses and disclosed prospective trial witnesses, to the extent the Confidential information may reasonably be believed to relate to their testimony; (g) mediators or arbitrators mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action; (h) other persons as the parties may agree to in writing; and (i) others permitted by order of the Court. Access to "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information shall be permitted <u>only</u> to counsel for the adverse party.  Information contained therein may be discussed by counsel with his or her client and any person retained as an expert

witness, whether counsel anticipates calling that expert to testify at trial. The adverse party shall not file any discovery materials or testimony designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" with the Court, except in a sealed envelope marked "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." No person having access to any Confidential or Attorneys' Eyes Only information shall disclose in any manner its contents to any person other than those described in this paragraph. No such disclosure shall be made for any purpose other than those specified in this Order. If any party wishes to disclose confidential information to more than two of the persons specified in 7(b) above, then that party shall before disclosure submit to the other party the name of the person(s), the reason for the proposed additional disclosure(s), and a fully executed copy of the form similar to Exhibit A to this Agreement. Any party opposing disclosure must within ten (10) days of receipt of the notice file and serve a motion for a protective order which motion shall comply with Paragraph 11 of this Agreement.

8. Because it is possible that a document will be produced in error without a "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" designation, the producing party may, within five (5) business days thereafter, identify each such undesignated document, as well as any copy of each such document, and request that such document be treated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Upon receipt of such a request, the receiving party shall thereafter mark such document as constituting or containing "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information and shall treat such document in accordance with the provisions of this Order.

9. Counsel for the parties shall be responsible for informing witnesses, as necessary, of the contents of this Order, and prior to being given access to any

information covered under the terms of this Order, counsel who will be disclosing such information shall provide persons identified in subparagraph 7(a)-(i) with a copy of this Order for review. Disclosure to any person specified in paragraph 7 (except paragraph 7(d), the Court and its court reporters) shall be permitted only after each such person acknowledges, in writing, that he or she has read, understands and agrees to be bound by the terms of this Order. Such written agreement shall be obtained by securing the signature of any recipient of Confidential information on a form similar to Exhibit A to this order. Counsel disclosing Confidential information to any such person shall be responsible for maintaining a file containing the signatures of all such persons to whom Confidential information has been disclosed. The file shall be made available to opposing counsel before trial and at the termination of this litigation, or earlier by agreement of the parties or by order of the Court for cause shown.

10. Information designated "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" pursuant to paragraph 2 of this Order shall no longer be subject to this Order and may be made a part of the public record unless an interested party files a motion seeking a specific protective order applicable to such information within ten (10) days after a party to this action files and serves written notice of the intention to utilize the information in this action in a manner which, if not for this Order, would require the information be made a part of the public record in this case. The written notice shall sufficiently identify the information sought to be utilized but continue to preserve the confidentiality of the information. A motion for a specific protective order to prevent information subject to this paragraph from becoming a part of the public record shall comply with paragraph 9 of this Order.

11. Any motion to withhold or remove information designated as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" from the public record need not disclose any of the information claimed to be

Confidential, and arguments or materials which would disclose such information may be presented to the Court *in camera*. The motion shall be accompanied by a proposed order conforming to the requirements of Rule 26(c) of the Federal Rules of Civil Procedure, and shall show why it is necessary in the interests of justice to withhold or remove the information from the public record. If a motion pursuant to this paragraph is not filed within the ten (10) day time period or an extension thereof, or such a motion is made and denied, the information sought to be protected by the motion shall no longer be subject to any of the provisions of this Order, and the designation of the information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" shall be removed. Any information, documents, or material not claimed to be Confidential shall not be included in a protective order or an application thereof pursuant to this paragraph, except where such information, document, or material is logistically inseparable from other information, documents, or material claimed to be Confidential. Information, documents, or material claimed or held to be Confidential pursuant to this paragraph shall thus be submitted separately from the text of any deposition, brief, or other document containing or referring to non-confidential information.

12. Within 90 days after the conclusion of this action including any and all appeals, all Confidential information in the possession or under the control of counsel, the parties or their agents, consultants or experts shall be destroyed or returned to the party producing it. The provisions of this Order as to confidentiality shall not terminate with the disposition of this action, but shall continue until further order of the Court. With respect to "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" information, after the termination of this proceeding, this Order shall continue to be binding upon the parties hereto, and upon all persons to whom "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" discovery materials and testimony, and all information derived therefrom, has been disclosed or

1  communicated and this Court shall retain jurisdiction over the parties and all such
2  persons for enforcement of its provisions.
3     13.   This Order shall not apply to any document or information which (a) is
4  already public; or (b) has come or shall come into the receiving party's legitimate
5  possession independent of the production by the producing party, regardless of
6  whether such information is also contained in discovery materials designated as
7  confidential in this case.  Further, this Order shall not restrict discussions
8  concerning confidential materials with any person who has already obtained
9  possession of the confidential materials through legitimate means or third party
10 witnesses to the extent they have had access to confidential information prior to the
11 entry of this Order.
12    14.   If any documents, things, or information designated as
13 "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" are
14 included with any papers filed with the Court, the proposed filing shall be
15 accompanied by an application to file the papers, or the portion thereof containing
16 the protected information, under seal.  This application shall be directed to the
17 Magistrate Judge to whom the papers are directed.  In addition, the filing party shall
18 file such papers and materials under seal in accordance with the procedures
19 required by California Central District Local Rule 79-5 or other similar Court rules
20 that may be controlling at the time of the filing of such papers or materials.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

15. No party shall be obligated to challenge the propriety of the designation of any documents, things, or information as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY," and the failure to do so shall not constitute acquiescence as to the appropriateness of the designation or otherwise preclude a subsequent challenge to the designation.

Dated:  November 24, 2010

              ARTHUR NAKAZATO
_____
              ARTHUR NAKAZATO
          United States Magistrate Judge